IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Arthur W.
GUENTHER, Jr., Attorney at Law.

Supreme Court

*No. 87–0336–D. Filed November 11, 1988.*

(Also reported in 430 N.W.2d 913.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Arthur W. Guenther, Jr. be suspended for a period of two years for professional misconduct consisting of his having charged and collected a clearly excessive fee for representing clients in several legal matters. The referee also recommended that Attorney Guenther be required to make restitution to those clients within 90 days by refunding to them $25,600 of the fee he collected.

We determine that a two-year suspension of Attorney Guenther's license to practice law is appro-

priate discipline for his misconduct in this matter, when viewed in light of prior discipline the court imposed upon him for professional misconduct of the same and similar nature. We also determine it appropriate that, as part of the discipline imposed, Attorney Guenther be required to make restitution to the clients he harmed by charging them an excessive fee for his services. That determination in no way affects their recourse to other remedies they may have against Attorney Guenther.

Attorney Guenther was licensed to practice law in Wisconsin in 1951 and formerly practiced in Campbellsport. His license currently remains suspended as the result of the one-year suspension the court imposed as discipline for his misconduct in other matters. *Disciplinary Proceedings Against Guenther,* 124 Wis. 2d 476, 369 N.W.2d 700 (1985). Attorney Guenther has not sought reinstatement since that suspension expired; he stated that he retired from the practice of law, disposed of his practice and has no desire to practice law in the future. The referee in this proceeding is Attorney S. Michael Wilk.

The parties stipulated to the following facts. In early 1982, William and Jane Haack retained Attorney Guenther to commence an action to regain title to farm property they had sold on land contract to their son James, who had defaulted on payments under that contract. At the same time, the couple retained Attorney Guenther to furnish legal services to their son in connection with his contemplated bankruptcy and several criminal charges pending against him. The Haacks signed a $20,000 promissory note, secured by a real estate mortgage on the farm property, and gave it to Attorney Guenther as a retainer for his services in these matters.

Attorney Guenther brought a foreclosure action on the land contract but that action was delayed because of an intervening bankruptcy petition he filed on behalf of the son. He completed the bankruptcy and criminal matters, but the foreclosure action was never completed because the Haacks sold their interest in the property. Prior to that sale, Attorney Guenther had presented the Haacks with an unitemized statement of services amounting to $35,112 for the foreclosure, bankruptcy and criminal matters. At the closing of the sale, the Haacks and Attorney Guenther agreed that he would receive $30,000 from the proceeds of the sale as payment for his services and he was paid that amount.

During the investigation of the Board of Attorneys Professional Responsibility into the grievance filed by the Haacks, Attorney Guenther gave the Board an itemized time statement for all services he and his law partner had furnished the Haacks in those matters, disclosing a total charge of $12,067.50. However, Attorney Guenther had kept no time records concerning the criminal and bankruptcy matters. Based on testimony of several attorneys at the disciplinary proceeding, the referee found that a reasonable fee for the legal services provided to the Haacks would not exceed $4,400. The referee specifically found that the foreclosure matter was not complicated, nor were the questions involved in it novel or difficult, and that the criminal matters, which were neither unusual nor complicated, ended in a stipulated plea bargain and that the bankruptcy, while extensive, involved no novel or difficult questions.

The referee concluded that by charging and entering into a written agreement for the $30,000 fee with his clients and collecting that fee, when a fee of

only $4,400 was shown to be reasonable for the services rendered, Attorney Guenther entered into an agreement for, charged and collected a clearly excessive fee, in violation of SCR 20.12(1)(1986). The referee noted that Attorney Guenther's prior discipline was for his having charged a client for services on a basis other than that to which they had previously agreed, having charged another client fees computed on an hourly basis exceeding the number of hours actually spent on the client's matter, having failed to return client funds upon request, having charged a client a clearly excessive fee and having taken a second mortgage from a client in a divorce matter to secure a note for his fees, notwithstanding a court order prohibiting the client from encumbering the mortgaged property. *Disciplinary Proceedings Against Guenther, supra.* In addition to the one-year suspension of his license imposed in that case, the court required Attorney Guenther to refund to his client the portion of fees he collected which exceeded the amount to which he was entitled.

In determining the value of Attorney Guenther's legal services to the Haacks to be $4,400, the referee noted that Attorney Guenther had offered no evidence in support of his claim that those services were worth approximately $12,000, as he had claimed. Likewise he offered no testimony that the legal issues involved unique time and labor or that the questions were novel or difficult or required unusual skill. Moreover, there was no evidence that his work for the Haacks precluded his other employment. Thus, the only evidence of what constituted a reasonable fee was the testimony of other attorneys in the area, who testified concerning fees customarily charged in that locality for similar legal services.

On the issue of restitution, the referee stated that he considered the factors the court set forth in *Disciplinary Proceedings Against Camacho*, 126 Wis. 2d 104, 117, 375 N.W.2d 204 (1985). In particular, the referee considered the fact that the amount of a reasonable fee to which Attorney Guenther was entitled for his services had been established only after proper notice to Attorney Guenther, a full presentation of the issue by the Board at the disciplinary hearing and Attorney Guenther's right to present witnesses, cross-examine Board witnesses and fully argue and brief the issue.

We determine that a two-year suspension of Attorney Guenther's license to practice law, which will have the effect of extending the suspension begun August 1, 1985, is appropriate discipline for his professional misconduct in this matter. We accept the referee's recommendation that Attorney Guenther be required to make restitution to the Haacks of the excess of the fee he collected over the amount to which he was entitled. Although the referee recommended that Attorney Guenther not be required to pay interest on that amount because it had not been ascertained until he made his findings in this disciplinary proceeding, we conclude that it is appropriate to require Attorney Guenther to pay the Haacks interest on the excess, at the legal rate, commencing the date he collected the fee, as he has had the use of that money and the Haacks have been unjustifiably deprived of it since that time.

IT IS ORDERED that the license of Arthur W. Guenther, Jr. is suspended for a period of two years, commencing the date of this order, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 90 days of the date of this order Arthur W. Guenther, Jr. pay to William and Jane Haack the amount of $25,600 in excess fees collected from them, together with interest at the legal rate thereon from the date the fees were collected.

IT IS FURTHER ORDERED that Arthur W. Guenther, Jr. file with the court within 90 days of the date of this order proof that he has made restitution as ordered herein.

IT IS FURTHER ORDERED that within 60 days of the date of this order Arthur W. Guenther, Jr. pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Arthur W. Guenther, Jr. to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Arthur W. Guenther, Jr. comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.